tion before the magistrate falls far short of a trial of a prisoner before the court and a jury. It is not required before the magistrate.as it is before the jury, that all reasonable doubt of the prisoner's guilt must be removed; it is only required that the evidence be sufficient to establish probable cause that the prisoner committed the offence charged. In the present case probable cause of two facts must be created.

I. That the prisoner committed the offence. The evidence of Chapman and Benedict is conclusive on this point.

II. Did he do it with intent to defraud? It is contended by counsel, both in their oral and written argument, that it must be presumed that the labels sold by defendant were for a legitimate purpose, and that in dealing with Chapman and Benedict the presumption is they had authority to act as agents of complainants, and therefore defendant was dealing with complainants, and they could not be defrauded by the transaction. The evidence before me, in substance, is that Chapman, a man unknown to the prisoner, and who assumed the name of Benedict, applied to the accused for labels of complainant's trade-mark; the accused promised to furnish them, and did so on the following day, delivering them after dark in a lager beer saloon on South Washington Square. That when he entered this saloon Mr. Benedict was behind the bar. He asked for Benedict, and when Mr. Benedict said he was the man, he hesitated to transact the business with him, and did not until Mr. Chapman, who had given the order, presented himself. The counterfeit labels were delivered, the price paid, and the prisoner, though solicited. refused to give a receipt. The Monday following, Mr. Chapman swears, he again saw the accused, and in connection with the transaction, he—the accused—stated that if it were known what he had done, he would be sent to the state's prison. It was further testified by Mr. De Bary, as general agent of G. H. Mumm and Co., that all the wine of that firm shipped to the United States came to his firm, and that G. H. Mumm and Co. never sold labels to their trade-mark except as attached to packages containing their goods. No evidence on the part of the accused was offered.

From this evidence I can see no escape from the conclusion that the offence was committed with intent to defraud. There can be no other reasonable deduction from the evidence. No fraud was committed because the immediate purchaser, and the complainants who furnished the money, knew what was being bought. The prisoner, however, had no knowledge of the person with whom he was dealing; if he had, evidence of such knowledge would have been proper to destroy the presumption of intent. The immediate consequence of such transaction is a double fraud,—first, destroying the business of a firm which has taken years to

build, by diverting the profits of their trade, and by destroying confidence in their product of manufacture by palming off a spurious article as genuine. And, second, by inducing the public to purchase an article other than that for which they supposed they were paying. It is a fraud on the complainants, and a fraud on the public, and the evidence, to my mind. is sufficient for finding that there was probable cause to believe that such a fraud was intended by the accused. The motions to dismiss are therefore denied, and in the absence of further evidence, the prisoner must be held to await the action of the grand jury.

It seemed to me, when the questions of law herein discussed were raised, that they were ones calling for a decision of the courts empowered to construe and interpret statutes. That they were not properly cognizable by a committing magistrate, whose duty, as I understand it, is to uphold and enforce the statutes as he finds them. Acting on this view, I declined to hear argument on the motion to dismiss the proceedings on the ground of the unconstitutionality of the act in question. The questions, however, being raised and argued, and this being the first arrest under the act of 1876, I felt it my duty to give them as full and as just consideration as I was able. I, however, disclaim any ambition to assume functions or duties not properly within the scope of a committing magistrate. And, as an excuse for giving expression to my views in this unusual form, I state that the questions presented in a proceeding of this nature are entirely new, and that in this form it may be convenient in the event of similar prosecutions before me.

---

UNITED STATES (STEINHAM v.). See Case No. 13,355.

---

## Case No. 16,385.

UNITED STATES v. The STEPHEN HART.

[Cited in The Springbok, 5 Wall. (72 U. S.) 20. See The Stephen Hart, Case No. 13,364. Affirmed by supreme court 3 Wall. (70 U. S.) 559.]

---

## Case No. 16,386.

UNITED STATES v. STEPHENSON'S EX'RS et al.

[1 McLean, 462.] [1]

Circuit Court, D. Illinois. June Term, 1839.

SEALED INSTRUMENTS — SCRAWL SEALS — BONDS TAKEN UNDER FEDERAL STATUTES.

1. To constitute a sealed instrument at common law, it must be sealed with wax or some tenacious substance.

2. In this country a scrawl has been generally substituted for a seal, by the legislation of the different states.

[1] [Reported by Hon. John McLean, Circuit Justice.]